## Security Trust Co. et al. v. Smith et al.

Nov. 29, 1940.

J. S. Forester, Judge.

612

. E. B. Wilson and James S. Wilson for appellants.

Walter B. Smith for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming in part and reversing in part.

The Security Trust Company is the executor of Sudie Fuson Creech, and Walter B. Smith is the guardian of her four children. The guardian sued the executor and his wards for a construction of the will and for an order directing the executor to pay to him, $1,027.21 representing obligations incurred in excess of the income of $175 per month paid him by the executor. A guardian ad litem for the infants was appointed and proof taken, after which the court granted the guardian the relief sought and declared the rights of the parties pursuant to a request contained in the executor's answer, counterclaim, and cross-petition. The executor has appealed.

The four children are the sole beneficiaries of their mother's will which placed the corpus of the estate in trust until the youngest attained the age of twenty-one years, with the provision that if any of them died before attaining that age without leaving issue, his or her share should go to the survivors. The portion of the will pertinent to this litigation is as follows:

"Item No. 3: During the minority of my youngest child, my executor and trustee shall invest any liquid assets belonging to my estate in bonds or securities approved by law for the investment of trust funds, and keep said assets invested so as to realize

as large an income therefrom as is reasonably possible, and to rent out the real property which I may own at the date of my death, and expend all income thus realized from all sources for the benefit of my said children, or their children, as needed by them; and if necessary, the executor and trustee may expend from the corpus of the trust estate a sufficient amount to defray the reasonable expense of a college education at some standard college or university for each of my said children.''

The petition alleged that the obligations totalling $1,027.21 which the guardian had been unable to pay out of income were necessarily incurred in order that the children might prepare themselves to become qualified to enter a standard college or university, and that the greater portion of the obligations was incurred by Mildred Fuson, seventeen years of age, and the eldest.

As the result of his construction of the will, the chancellor decreed that, ''in the event it becomes necessary to expend from the corpus of the trust fund to keep the children in high school and prepare them for their college training, the executor and trustee is authorized to expend a reasonable amount therefrom for that purpose, the extent of which, however, shall be left in the discretion of the executor and trustee, subject to the supervision of the Court.''

In this construction we concur, since it is obvious the children could not obtain a college or university education without first obtaining a high school education, and that it was the desire of the testatrix that this result should be accomplished, even though in so doing it became necessary to encroach upon the principal of the estate. The proper safeguards having been provided, we have no hesitancy in affirming this portion of the judgment.

But we are unable to approve the payment out of principal of the debts totalling $1,027.21 without proof of the circumstances which render their payment out of income impossible. As before indicated the income is $175 per month, the children are living in the residence formerly owned by their mother, and the obligations, as we understand the guardian's testimony, were incurred during the period between September 1, 1939, and January 20, 1940, the date of the filing of the petition. At

this rate, the expenditures would annually exceed the income by approximately $2,500. Furthermore, they appear extravagant on their face, since the children have not entered college but are apparently attending the public schools. Over $400 appears to have been expended for clothes for Mildred alone.

Before we can approve the encroachment which the payment of these bills out of the corpus of the estate would necessitate, we must know with whom the children are living, the cost of their schooling, if any, the amount of the ordinary household expenses which the guardian is required to pay—in short, the facts which have rendered inadequate for their support and education an income of $2,100 per annum.

The judgment is affirmed in part and reversed in part for proceedings ·consistent with this opinion.